LONSON BUSH, Adm'r, *v.* ABNER PHILLIPS' Widow and Heirs.

PRACTICE IN SUPREME COURT. *Appeal from judgment by motion. Without Bill of Exceptions limited to errors assigned below.* Where the sureties of a Special Commissioner appeal from a judgment against them and their principal, by motion, on the Commissioner's bond, without a bill of exceptions, the record showing that they appeared and made defense, they will be limited in their assignment of errors to the points of defense made in the court below.

---

FROM FENTRESS.

---

Appeal from a judgment by motion in Chancery Court at Jamestown. SAMUEL H. LEA, Sp. Ch.

H. R. GIBSON for complainant.

S. E. YOUNG for defendants.

COOPER, J., delivered the opinion of the court.

Under this bill, filed for the purpose of selling lands for the payment of debts, the complainant, Lonson Bush, was appointed special commissioner to make the sale, and gave bond, with J. W. Gaudin and Robert Hurst as his sureties, payable to the clerk and master of the court for the use of the parties, conditioned to faithfully perform the duties of special commissioner, and obey all decrees that might be rendered

by the court affecting him as such. On the 3d day of December, 1877, a judgment was rendered by the court, on motion, against the principal and sureties in this bond, for the sum of $697.25, found to be in the hands of Bush, as special commissioner, by decree of the court at the previous term, and ordered to be paid in, with interest. The sureties appeared and resisted the entry of the motion as to them; and, on the hearing of the motion, resisted the recovery on the ground that the notice was given by the wrong parties, that the parties signing the notice and making the motion were not the proper parties either to give the notice, or make the motion, and, further, defended by pleading the statute of limitations generally. The sureties have taken an appeal to this court, but without any bill of exceptions.

If the proceeding by motion against a special commissioner and his sureties is to be treated as an independent suit, precisely as if the bond had been sued on at law, it is obvious that the only question which could be raised in this court, where there is no bill of exceptions, would be the validity of the judgment on its face. Without undertaking to determine this point in the present case, the court is of opinion that the appellants must be limited, at any rate, upon such an appeal, to the points of defense shown to have been relied on in the court below, where the record shows that they appeared and made defense. These are the right of the parties to act who gave the notice, and made the motion, and the statute of limitations. The latter defense is rested upon the lapse of more than

six years since, it is insisted, the money was received by the special commissioner.   No particular statute is pleaded, but if we concede that the appellants may claim the benefit of the limitation of six years, Code, section 2775, the time would only begin to run from the accrual of the cause of action.   But the condition of the bond is to obey the orders of the court, and the only order recited in the judgment or relied on in argument, is the order of the March term, 1877.

The notice of motion was given, and the motion made by the Trustees of Jamestown Academy, shown by the judgment itself to be parties interested in the recovery.   The motion may be made, and of course the notice may be given, by "the party aggrieved," which would be any party entitled to the benefit of the fund.   The judgment is in the name of the clerk and master, for the benefit of the trustees of the Jamestown Academy by name, and other persons interested in the fund.

There is no error in the judgment and it will be affirmed.